UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 19-2035(DSD/BRT)

Moses Khoury,

        Petitioner,

v.                                  ORDER

Kevin McAleenan, Secretary of
Homeland Security; et al.,

        Respondents.

This matter is before the court upon the response to petitioner Moses Khoury's petition for a writ of habeas corpus. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court dismisses Khoury's petition sua sponte as moot.

## BACKGROUND

Khoury is a native and citizen of Liberia who fled to the United States in 1999 during Liberia's then-ongoing civil war. Pet. ¶¶ 6, 11. Khoury was ordered removed from the United States on April 8, 2013, and was taken into ICE custody on December 12, 2018. Id. ¶¶ 13, 15. On July 30, 2019, Khoury petitioned for a writ of habeas corpus challenging his post-removal-period detention, arguing that his continued detention, which at that point exceeded six months, was unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), and violated his procedural and substantive

due process rights.  Id. ¶¶ 21-30.  On August 13, 2019, before any further action was taken with regard to Khoury's petition, ICE removed him from the United States.  See ECF No. 6.  Respondents now request dismissal of the petition as moot.

**DISCUSSION**

Respondents specifically argue that Khoury's petition must be dismissed because the main issue raised by him – the legality of his continued detention – is now moot because he has been removed from the United States.  Under Article III's "case or controversy" requirement, federal courts may only "adjudicate actual, ongoing controversies."  Honig v. Doe, 484 U.S. 305, 317 (1988); see also Haden v. Pelofsky, 212 F.3d 466, 468 (8th Cir. 2000) ("When, during the course of litigation, the issues presented in a case 'lose their life . . . . and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994)).  For a controversy to be ongoing, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

This court has previously concluded that a habeas petitioner's actual removal from the United States renders moot

2

the petitioner's claims relating to his pre-removal detention because the court can no longer provide the relief sought. See, e.g., Augustin B. v. McAleenan, No. 19-296, 2019 WL 4305534, at *1 (D. Minn. Sept. 11, 2019) (adopting report and recommendation concluding that petitioner's removal from the United States rendered moot his habeas petition seeking release from ICE custody); Mohamed v. U.S. Dep't of Homeland Security, No. 13-643, 2013 WL 5888081, at *1–2 (D. Minn. Oct. 31, 2013) (adopting report and recommendation stating that "[p]etitioner has already been removed to Somalia and therefore his request for release pending removal is moot"). The Eighth Circuit has also recognized that a petitioner's release from custody generally moots a habeas challenge to the legality of petitioner's detention. Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested.").

Given that Khoury's habeas petition sought his release from ICE custody, and given that Khoury has since been removed from the United States and is no longer in ICE custody, a favorable decision from this court can no longer provide the relief sought. As such, Khoury's petition is moot.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [ECF No. 1] is dismissed without prejudice. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 23, 2019

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court